UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RALPH M. DIAZ,<br><br>　　　　　　Respondent. | No. 2:20-cv-00963-TLN-CKD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

On April 27, 2020, petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] ECF No. 1. However, before the court could review the petition to determine if an answer was required, petitioner filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. See Rule 4, Rules Governing Section 2254 Cases. The undersigned has reviewed the contents of petitioner's amended pleading and recommends that this habeas corpus case be dismissed without prejudice to refiling as a civil rights action.

As an initial matter, examination of petitioner's in forma pauperis application reveals that he is able to afford the costs of this suit. Accordingly, petitioner's motions to proceed in forma pauperis will be denied. See 28 U.S.C. § 1915(a).

/////

---

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1

### I. Factual and Procedural Background

Petitioner is a civil detainee currently confined at Salinas Valley State Prison. ECF No. 1. He initiated the present habeas corpus action seeking his release from CDCR custody and his discharge from an indeterminate civil commitment following his 1997 plea of not guilty by reason of insanity to criminal charges in the Sacramento County Superior Court. ECF No. 1 at 1. However, the amended pleading he filed on May 14, 2020 was completed on the form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 4. This amended pleading supersedes petitioner's original habeas corpus petition. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, the court will proceed to review petitioner's amended pleading according to Rule 4 of the Rules Governing Section 2254 Cases.

In the amended pleading, petitioner identifies Ralph Diaz, the Secretary of the CDCR, and Kathleen Allison, the Under Secretary of California State Prison-Sacramento ("CSP-Sac"), where the alleged violations of federal law occurred, as defendants. ECF No. 4 at 1-2. He alleges that he was transferred to CSP-Sac on May 14, 2020 where he is being detained in prison conditions that are much worse than a state hospital. ECF No. 4 at 3. Petitioner does not specify what those more restrictive conditions are. By way of relief, petitioner seeks monetary damages and to be transferred to a different facility out of CDCR custody where conditions will be less harsh. ECF No. 4 at 4.

### II. Legal Standards

The Ninth Circuit has held that habeas petitions challenging state civil commitment proceedings are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Seeboth v. Allenby, 789 F.3d 1099 (9th Cir. 2015) (describing California civil commitment statutes in the context of a federal habeas challenge). However, in order to state a cognizable habeas claim, petitioner must allege that the state court judgment was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts

controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 406 (2000).

### III. Analysis

Based on the allegations in petitioner's amended pleading, it appears to the court that he is not challenging the state court's civil commitment order. Rather, petitioner appears to be challenging his conditions of confinement while housed as a civil detainee at CSP-Sac. If the court has accurately construed petitioner's claims, the proper procedural vehicle for challenging his prison conditions is a civil rights complaint pursuant to 42 U.S.C. § 1983 and not the present habeas corpus action. While petitioner has apparently reached this same conclusion, this action was originally filed and opened as a habeas corpus petition.

This court has the discretion to construe petitioner's claims as a civil rights complaint pursuant to 42 U.S.C. § 1983.[2] See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, as a practical matter, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to

---

[2] Even if the court were inclined to construe this habeas action as a civil rights case, petitioner would still be required to allege with at least some degree of particularity what overt acts defendants engaged in that support his claim for relief. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The allegations in petitioner's amended pleading do not challenge any specific prison condition and therefore are not sufficient to allege a Fourteenth Amendment challenge to his conditions of confinement. See Batten v. Shasta County Bd. of Supervisors, 489 Fed. Appx. 174 (9th Cir. 2012) (unpublished); Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (analyzing conditions of confinement for civil detainees under the Fourteenth Amendment and stating that civil detainees may be subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility."), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014).

file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Nettles v. Grounds, 830 F.3d at 936 (holding that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner").  Thus, in light of the PLRA's additional requirements, the court will not recharacterize the instant habeas corpus proceeding as a federal civil rights action.  Instead, the undersigned recommends that the habeas corpus petition be dismissed without prejudice to the filing of a civil rights complaint.

Accordingly, IT IS HEREBY ORDERED that petitioner's motions to proceed in forma pauperis (ECF Nos. 5, 10) are denied as he has more than sufficient funds in his prison trust account to pay the $5.00 filing fee in this matter.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice to filing a 42 U.S.C. § 1983 complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the

/////
/////
/////
/////

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hill0963.noncognizable.docx